J. H. PHILLIPS, Appellant, v. RILEY VAN HORN, Defendant, and MARIA E. VAN HORN, Intervener.

**Fraud on Creditors.** A compromise by the original beneficiary in an insurance policy, of an action by him to enjoin a subsequent beneficiary from claiming the avails of the policy on the ground that he was induced to waive his rights as beneficiary under an agreement that the person substituted should hold the policy in trust for his use and benefit, is not, on its face, fraudulent as to the former's creditors, although the entire amount allowed him was to be paid to his attorneys for expenses of the suit, and payment by them to other persons specified.

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge.

FRIDAY, OCTOBER 9, 1896.

THIS case is entitled in equity. It is a contest involving part of the avails of an insurance policy upon the life of C. J. Van Horn, deceased, who was the wife of the defendant Riley Van Horn. The money in controversy was awarded to Maria E. Van Horn, who intervened in the action. The plaintiff

claimed to be entitled to the money because he is a creditor of Riley Van Horn. Further facts appear in the opinion. Plaintiff appeals.—*Affirmed.*

*Harvison & Mershon* for appellant.

*Bishop, Bowen & Fleming* for appellees.

ROTHROCK, C. J.—It appears from the record and evidence in the case that Charity Van Horn, the wife of the defendant, held a policy of insurance on her life for three thousand dollars. The defendant was named in the policy as the beneficiary. By his consent, the beneficiary in the policy was afterwards changed to Mrs. Madden, the mother of the assured. After the death of Mrs. Van Horn, the necessary proof of death was made by Mrs. Madden, and, pending the adjustment, and before the payment of the amount due on the policy, the defendant, Riley Van Horn, commenced an action to enjoin Mrs. Madden from collecting the avails of the policy, and claimed in his petition that he was induced to waive his rights as beneficiary under an agreement with Mrs. Madden that she would hold the policy in trust for the use and benefit of plaintiff in that action, and that the proceeds should be turned over to him for certain purposes named in the petition for an injunction. That cause did not come to trial. It was compromised by an agreement in writing, by which the plaintiff therein— Riley Van Horn—accepted one thousand dollars in full of all claims to the insurance money, the said sum to be paid to his attorneys in that suit, and, "when received by him, after first deducting all expenses of the suit, then to pay out of the said money, the doctor's bills for the last sickness and the funeral expenses of Mrs. Van Horn, and pay the balance of the house rent of Charity Van

Horn, and grocery bills, and to pay for a suitable monument for the grave of Charity Van Horn; and, after paying all the foregoing, any remainder to be paid to Miss Dottie Van Horn, the daughter of plaintiff" in that suit. Dottie Van Horn is another name for Maria E. Van Horn, the intervener in this action. The above quotation is copied from the written compromise. The money was paid to the attorneys, to be disposed of as provided for in the compromise of that suit, and they were proceeding to perform that trust when this action was commenced. The plaintiff herein is a creditor of Riley Van Horn, and the attorneys who received the one thousand dollars were garnished in the action upon the supposition that they were in possession of, and disbursing money, belonging to Riley Van Horn. The answer of the garnishees was taken, from which it appears that, after expending what is necessary to perform the trust, there will be about two hundred dollars to be paid to Maria E. Van Horn. She intervened in the action, claiming the money as due to her, and not to her father. The plaintiff filed a paper, controverting the answer of the garnishees, and claimed therein that the arrangement by which the suit contesting the right to the insurance money was compromised, was fraudulent on the part of Riley Van Horn, and that it was concocted by him as a scheme to defraud his creditors; and it is urged that the balance of the money, which it was agreed should be paid to Maria E. Van Horn, should be paid to the plaintiff. It is said in behalf of the plaintiff, that the facts show that the one thousand dollars was the money of Riley Van Horn, and subject to the payment of debts due to his general creditors. Upon the face of the transaction, no fraudulent purpose is shown. There is neither fact nor circumstance in the case which tends to show that the compromise was not an honest transaction upon the part of both of the

parties thereto. Mrs. Madden claimed that she was the beneficiary, and there is no dispute that she had been substituted as such in place of Riley Van Horn. By his suit against her he undertook to establish, by parol evidence, that the assignment to Mrs. Madden was coupled with a trust. It no doubt appeared to him that a compromise was about the most appropriate disposition of his case which could be made. The case demands no further consideration. The effect of appellant's contention is that the compromise should be held to be fraudulent on the merest presumption, without any facts to support it. The decree of the district court is AFFIRMED.